IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **GREGORY TAYLOR**<br>2750 Highland Drive<br>Mogadore, Ohio 44260<br>    Plaintiff,<br>    vs.<br><br>**KANDY FATHEREE**<br>In her official capacity as<br>Summit County Sheriff, and in her individual and<br>personal capacity,<br>53 University Avenue<br>Akron, Ohio 44308<br><br>and<br><br>**SUMMIT COUNTY**<br>175 S. Main Street<br>Akron, Ohio 44308<br><br>    Defendants. | CASE NO.:<br><br>JUDGE:<br><br><br>**COMPLAINT**<br><br><br>**JURY DEMAND ENDORSED**<br>**HEREON** |

NOW COMES Plaintiff Gregory Taylor ("Taylor" or "Plaintiff"), through undersigned counsel, and for his Complaint against Defendants Sheriff Kandy Fatheree and Summit County (collectively "Defendants"), states:

### INTRODUCTION

1. This is a civil action by Gregory Taylor, a former employee of Summit County, Ohio, setting forth claims against the County and its elected Sheriff, Kandy Fatheree, for violating his rights under the First Amendment to the United States Constitution and related state law.

### JURISDICTION AND VENUE

2. Plaintiff brings this action under 42 U.S.C. § 1983 for violation of civil rights under the First Amendment to the United States Constitution.

1

3. This case presents a federal question within this Court's jurisdiction under Article III § 2 of the United States Constitution and 28 U.S.C. §§ 1331 and 1343.

4. Venue is proper in this Court under 28 U.S.C. § 1391 as the events and omissions alleged took place in Summit County, Ohio, and the Defendants reside in this judicial district.

5. Under 28 U.S.C. § 1367, this Court may exercise supplemental jurisdiction over Plaintiff's state law claims as they substantially and directly relate to the matters over which the Court has original jurisdiction.

## PARTIES

6. Plaintiff is an individual residing in Portage County, Ohio.

7. At the times relevant to this action, Plaintiff was a Retired Sergeant employed as a Special Deputy at the Summit County Sheriff's Office.

8. At the times relevant to this action, Defendant Sheriff Kandy Fatheree is and has been the elected Sheriff of Summit County, Ohio.

9. Defendant Kandy Fatheree ("Sheriff Fatheree") is named as a defendant individually and in her official capacity as the Summit County Sheriff.

10. At all relevant times, Sheriff Fatheree acted under color of state law and had final policymaking authority for Summit County regarding all personnel decisions within the Sheriff's Office, including hiring, discipline, and termination of deputies and special deputies and is personally liable for her conduct alleged when acting in her individual capacity.

11. Defendant Summit County is a political subdivision organized under the laws of the State of Ohio.

12. Summit County, through its elected Sheriff, maintains policies and practices governing employment within the Sheriff's Office, and is responsible for the conduct of its policymaking officials.

## FACTS

13. Plaintiff incorporates by reference all preceding paragraphs as if fully restated herein.

14. Plaintiff devoted nearly three decades to public service with the Summit County Sheriff's Office (the "Office"), beginning his career on October 28, 1996.

15. Plaintiff served with distinction for over 27 years, advancing through the ranks and retiring with honor as a Sergeant on May 30, 2023.

16. Recognizing Plaintiff's valuable experience and capabilities, the Sheriff's Office immediately retained his services as a Special Deputy beginning May 31, 2023.

17. As a Special Deputy, Plaintiff performed his duties competently and professionally, receiving no disciplinary actions or performance concerns.

18. During the November 2024 election cycle, Sheriff Fatheree sought re-election as a Democrat against Republican challenger Shane Barker ("Barker").

19. Barker and Plaintiff have been best friends since childhood.

20. Barker told Plaintiff he was running for Sheriff.

21. Plaintiff told Barker he could not help him with Barker's campaign.

22. Barker never asked for Plaintiff's assistance.

23. Plaintiff never helped Barker's campaign.

24. Barker invited Plaintiff and other Summit County employees to attend Barker's election night party.

25. Plaintiff, exercising his fundamental right to association with his friend, went to Barker's election night gathering on November 5, 2024.

26. This attendance represented Plaintiff's personal political expression and association, core activities safeguarded by the First Amendment.

27. Sheriff Fatheree won re-election over Barker.

28. After discovering Plaintiff's presence at the Republican candidate's election event, Sheriff Fatheree swiftly retaliated by terminating Plaintiff's employment on November 18, 2024, suggesting that political loyalty to her administration was a condition of continued employment.

29. Sheriff Fatheree terminated Plaintiff's employment because he went to Barker's campaign event, viewing such attendance as disloyalty to her administration.

30. Sheriff Fatheree's decision to terminate Plaintiff was official Summit County policy, as she had final policymaking authority over personnel decisions within the Sheriff's Office.

31. Sheriff Fatheree and Summit County reported to the Ohio Attorney General's Ohio Peace Officer Training Academy ("OPOTA"), a public database, that the reason for Plaintiff's separation was "Termination."

32. A "Termination" separation code in the OPOTA database is stigmatizing and hinders an officer's ability to find new employment in law enforcement.

33. Plaintiff is searching for new law enforcement employment but has yet to obtain such new employment.

34. Even if Plaintiff obtains new law enforcement employment, he believes that the hours and/or pay he would receive would be inferior to what he received as a Special Deputy for Summit County, as a direct and proximate result of his termination from Summit County and "Termination" designation in the OPOTA database.

## CAUSES OF ACTION

### COUNT I:
### Retaliation for Exercising Rights under the First Amendment
### (42 U.S.C. § 1983)

35. Plaintiff incorporates by reference all preceding paragraphs as if fully restated herein.

36. By attending a political campaign event, Plaintiff exercised his fundamental constitutional rights of political expression and association, activities protected by the First Amendment to the United States Constitution ("First Amendment").

37. Plaintiff's attendance at a political campaign event is core political speech and association protected by the First Amendment, regardless of whether Plaintiff provided any campaign assistance or support.

38. Defendants were aware of Plaintiff's above-described political activities and associations.

39. Defendants terminated Plaintiff's employment because of his above-described political activities and associations, violating his First Amendment rights.

40. Defendants unlawfully retaliated against Plaintiff for engaging in activity protected by the First Amendment by terminating Plaintiff's employment.

41. Defendants' adverse employment action was impermissible retaliation motivated solely by Plaintiff's exercise of constitutionally protected political rights.

42. Plaintiff's rights under the First Amendment are established rights.

43. At all times relevant, Sheriff Fatheree acted under the official policies, procedures, and/or practices of Summit County and has policymaking authority for the County.

44. Sheriff Fatheree's termination decision was official Summit County policy because she had final policymaking authority over personnel matters within the Sheriff's Office.

45. Sheriff Fatheree's conduct was malicious, intentional, and/or recklessly or callously indifferent to Plaintiff's clearly established and constitutionally protected rights, making her liable to Plaintiff for punitive damages.

46. Sheriff Fatheree, acting in her individual capacity, is liable for damages, including punitive damages, for her intentional violation of Plaintiff's clearly established constitutional rights.

47. Defendants' conduct has caused, and will continue to cause, financial, reputational, emotional, and other compensable harm to Plaintiff, for which Defendants are liable under 42 U.S.C. § 1983.

## COUNT II:
### Civil Liability for Criminal Acts under Ohio Rev. Code § 2307.60(A)
### Defendant Sheriff Fatheree's violation of Ohio Rev. Code § 2921.44(E)

48. Plaintiff incorporates by reference all preceding paragraphs as if fully restated herein.

49. Ohio Rev. Code § 2307.60 allows anyone injured by a criminal act to recover full damages in a civil action.

50. Sheriff Fatheree's position as an elected official and public employer subjects her to well-established constitutional constraints prohibiting employment decisions based on political affiliation or association. Her termination of Plaintiff for exercising First Amendment rights was a reckless violation of clearly established law governing public employment.

51. By terminating Plaintiff's employment because of his political activities and associations, Defendant Sheriff Fatheree recklessly acted in contravention of Plaintiff's legal rights under the First Amendment.

52. Ohio Rev. Code § 2921.44(E) prohibits a public servant from recklessly doing "any act expressly forbidden by law with respect to the public servant's office."

53. As an elected public official and employer, Sheriff Fatheree's office is subject to clearly established constitutional prohibitions against terminating employees based on their political activities or associations.

54. Sheriff Fatheree's termination of Plaintiff solely because of his political activities and associations was an act forbidden by law with respect to her office as Sheriff and public employer.

55. Sheriff Fatheree acted recklessly because she knew, or consciously disregarded the substantial risk, that terminating Plaintiff for attending a political opponent's campaign event violated established legal prohibitions against First Amendment retaliation.

56. Violation of Ohio Rev. Code § 2921.44(E) is a misdemeanor of the second degree under Ohio Rev. Code § 2921.44(F).

57. As a direct and proximate result of Defendant Sheriff Fatheree's criminal conduct in violation of Ohio Rev. Code § 2921.44(E), Plaintiff has suffered economic and non-economic damages and will continue to suffer economic and non-economic damages, including, but not limited to, mental, emotional, and reputational harm.

58. Sheriff Fatheree's malicious, intentional, reckless, and/or conscious disregard for Plaintiff's established rights makes her liable to Plaintiff for punitive damages.

### COUNT III:
### Civil Liability for Criminal Acts under Ohio Rev. Code § 2307.60(A)
### Defendant Sheriff Fatheree's violation of Ohio Rev. Code § 2921.45(A)

59. Plaintiff incorporates by reference all preceding paragraphs as if fully restated herein.

60. Ohio Rev. Code § 2307.60 allows anyone injured by a criminal act to recover full damages in a civil action.

61. Upon information and belief, Defendant Sheriff Fatheree knowingly deprived Plaintiff of his rights under the First Amendment by terminating Plaintiff's employment because of his political activities and associations.

62. Sheriff Fatheree, as an experienced elected official and law enforcement administrator, knew or should have known that terminating an employee for political association violates established constitutional principles. Her conduct shows a knowing deprivation of Plaintiff's civil rights under color of her official authority.

63. Sheriff Fatheree's conduct violates Ohio Rev. Code § 2921.45(A), which prohibits a public servant from violating any person's constitutional or statutory rights, stating that "no public servant, under color of the public servant's office, employment, or authority, shall knowingly deprive, or conspire or attempt to deprive any person of a constitutional or statutory right."

64. Violating Ohio Rev. Code § 2921.45(A) is a misdemeanor of the first degree under Ohio Rev. Code § 2921.45(B).

65. As a direct and proximate result of Defendant Sheriff Fatheree's criminal conduct in violation of Ohio Rev. Code § 2921.45(A), Plaintiff has suffered economic and non-economic damages, and will continue to suffer economic and non-economic damages, including, but not limited to, mental, emotional, and reputational harm.

66. Sheriff Fatheree's malicious, intentional, reckless, and/or conscious disregard for Plaintiff's established rights makes her liable to Plaintiff for punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Enter judgment for Plaintiff and against Defendants on all counts of this Complaint;

B. Award Plaintiff back pay and benefits in an amount to be determined at trial;

C. Award Plaintiff compensatory damages for emotional distress, humiliation, loss of enjoyment of life, and other non-pecuniary losses in an amount to be determined at trial;

D. Award Plaintiff punitive damages in an amount to be determined at trial;

E. Award Plaintiff his costs, including reasonable attorney fees;

F. Order Defendants to correct Plaintiff's personnel record and OPOTA database entry to reflect resignation or retirement in good standing rather than termination;

G. Award Plaintiff pre-judgment and post-judgment interest at the highest lawful rate; and

H. Award such other relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

**MENDENHALL LAW GROUP**

/s/Warner Mendenhall
Warner Mendenhall (0070165)
190 North Union St., Suite 201
Akron, OH 44304
330.535.9160; fax 330.762.9743
warner@warnermendenhall.com

*Attorney for Plaintiff*